UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------------X
JAMES F. SULLIVAN, in his own behalf and on
behalf of all others similarly situated,

                                                                  Civil Action No.:

                        Plaintiff,

          -against-

CREDIT CONTROL SERVICES, INC.,
CCS HOLDING BUSINESS TRUST,
STEVEN SANDS,
DAVID SANDS and
DONNA RAMSDELL,
Each independently and together doing business as
CREDIT COLLECTION SERVICES,

                        Defendants.
------------------------------------------------------------------X

## CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

For his Complaint, the Plaintiff, JAMES F. SULLIVAN, by and through his undersigned counsel, pleading in his own behalf and on behalf of all others similarly situated, states as follows:

### JURISDICTION

1.  Plaintiff, JAMES F. SULLIVAN ("Sullivan" or the "Consumer"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by the Defendants, CREDIT CONTROL SERVICES, INC. ("CCS Collections"), CCS HOLDING BUSINESS TRUST (the "CCS Business Trust") and trustees STEVEN SANDS, DAVID SANDS and DONNA RAMSDELL (together, the "CCS Trustees").

2. CCS Collections and the CCS Business Trust, each operated by the Trustees, conduct a debt collection business under the fictitious name "Credit Collection Services ("CCS") and in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the FDCPA.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that each of the Defendants resides and transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Sullivan is an adult individual residing in Milford, MA.

6. Sullivan is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debts that the Defendants sought to collect from him were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts, within the meaning of 15 U.S.C. § 1692a(5).

7. CCS Collections, upon information and belief, is a Delaware corporation duly authorized to conduct its collections business in the State of Massachusetts. CCS Collections maintains its principle place of business at 2 Wells Avenue, Newton, Massachusetts and is, upon information and belief, a member of the "CCS Group of Companies."

8. CCS Business Trust is, upon information and belief, a Massachusetts business trust organized for the purposes of holding the shares of CCS Collections, in trust, and acting as the one hundred (100%) percent owner of CCS Collections for the benefit of its shareholders. CCS Business Trust maintains a principle place of business at 2 Wells Avenue, Newton,

Massachusetts and is, upon information and belief, a member of the "CCS Group of Companies."

9. The CCS Trustees are vested with the "absolute and exclusive power and authority" to manage the property of the CCS Trust and to conduct the business and affairs of the CCS Trust. Upon information and belief, each of the CCS Trustees resides or conducts business at 2 Wells Avenue, Newton, Massachusetts.

10. Upon information and belief, a principal business in which CCS Collections is engaged is the collection of consumer debts. As such, CCS Collections is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

11. Upon information and belief, the CCS Business Trust and the Trustees, as owners, operators and/or managers of CCS Collections, each regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due by a consumer to another. As such, CCS Business Trust and the Trustees are "debt collectors" within the meaning of 15 U.S.C. § 1692a (6).

## FACTS APPLICABLE TO ALL COUNTS

**A.  The Notice**

12. In or around August 2009, Sullivan received a "WARNING NOTICE" (the "Notice") from *Credit Collection Services* ("CCS") of 2 Wells Avenue, Newton, Massachusetts pertaining to a $77.68 debt allegedly owed by Sullivan to the Government Employees Insurance Company (the "Debt"). A copy of the Notice is annexed hereto and made a part of this Complaint as Exhibit A.

13. Upon information and belief, CCS is a trade name used by CCS Collections and/or CCS Business Trust and/or one or more of the CCS Trustees. CCS is, upon information and

belief, a member of the "CCS Group of Companies."

14. The Notice was the first written communication transmitted to Sullivan and received by Sullivan in which he was notified of an alleged "delinquency" as to the Debt.

15. The toll-free telephone number (1-800-326-6400) included with the Notice is answered "Thank you for calling CCS."

16. The Notice contained the following text:

| **REGARDING:** | **AMOUNT DUE:** |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY** | **$77.66** |

### WARNING NOTICE – WARNING NOTICE

This notice and all further steps undertaken by this agency will be in compliance with applicable State and Federal Law(s).  In accordance with Federal Law, the following warning notice is required.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  This Communication was sent from a debt collector.

The above referenced amount is due for coverage provided under your insurance contract.

Please remit payment in the envelope provided or visit out secure website at **www.warningnotice.com**.  Self service menu options include

- Paying online by check or credit card
- Establishing payment arrangements with this office
- Activating private email as your preferred method t be contacted
- Accessing help desk information, etc.

Thank you for your anticipated cooperation.

**B.   The Notice Deceives and Misleads Consumers**

17. Upon information and belief, the Notice is an example of a form letter, substantially similar to thousands of letters sent to consumers across the country.

18. The Notice misleads consumers by falsely representing the character, amount or legal status of a debt.

19. The Notice does not effectively communicate that it is transmitted by a "debt collector."

20. The content of the Notice is calculated to overshadow the validation language required by the FDCPA and is therefore false and misleading.

21. The Notice is calculated to mislead a consumer by creating the false impression that its content was specifically authorized or approved by a State or Federal Government or agency.

22. The Notice is calculated to mislead a consumer by creating the false impression that non-payment may result in unspecified regulatory or legal consequences.

## CLASS ACTION ALLEGATIONS

### A. The Class

23. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

24. The proposed class (the "Class") is defined as follows:

**All consumers in the Commonwealth of Massachusetts to whom a letter in the form of the Notice was sent by any of the Defendants within one year prior to the filing of this action and which was not returned as undeliverable.**

### B. Numerosity

25. The Notices are mass-mailed form letters. Therefore, the members of the Class are believed to be so numerous that joinder of all members is impractical.

26. Upon information and belief, the Defendants transmit thousands of similar Notices to consumers.

27. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter

5

capable of ministerial determination from the defendants' records.

28.   Plaintiff reasonably believes that there are thousands of consumers who are members of the Class.

## C.   Common Questions of Law and Fact

29.   There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

30.   The common questions of law and fact concern the defendants' practice of transmitting communications to consumers in the form of the Notice and whether such conduct violates the FDCPA.

31.   The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

   a. Did the Defendants violate 15 U.S.C. §1692e (1) by falsely representing or falsely implying that the debt collector is vouched for, bonded by, or affiliated with the United States or any State?

   b. Did the Defendants violate 15 U.S.C. §1692e (2) by engaging in the deceptive practice of falsely representing the character, amount or legal status of any debt?

   c. Did the Defendants violate 15 U.S.C. §1692e (9) by using or distributing any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval?

   d. Did the Defendants violate 15 U.S.C. §1692e (10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer

    debts or obtain information concerning a consumer?

e. Did the Defendants violate 15 U.S.C. §1692e (11) by failing to effectively disclose in the initial communication with the Consumer that the Notice is from a debt collector?

f. Did the Defendants violate 15 U.S.C. §1692e (11) by failing to effectively disclose in the initial communication with the Consumer that the defendants are attempting to collect a debt and that any information obtained will be used for that purpose?

g. Did the Defendants violate 15 U.S.C. §1692g (a) by failing to effectively notify the consumer of his or her right to dispute the debt?

h. Did the Defendants violate 15 U.S.C. §1692g (a) by failing to effectively notify the consumer of his or her right to obtain verification of the debt?

i. Does the Notice violate the FDCPA as seen from the perspective of the "least sophisticated" consumer?

**D.  Typicality**

32.  Plaintiff's claims are typical of the claims of the Class members since all of the claims arise from receipt of a letter substantially similar to the Notice.

**E.  Protecting the Interests of the Class Members**

33.  Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendants' unlawful and wrongful course of conduct.

34.  All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

35.  Plaintiff has retained counsel experienced in bringing class actions and debt

collection abuse claims and who stands ready, willing and able to represent the Class.

**F.   Proceeding Via Class Action is Superior and Advisable**

36.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

37.   Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

38.   The members of the Class are generally unsophisticated individuals, whose rights are not likely to be vindicated in the absence of a class action.

39.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

40.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other Debt Collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

41.   The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Violations of FDCPA
### Section 807(1), 15 U.S.C. § 1692e (1) by
### Falsely Representing that the Debt Collector is
### Vouched for, Bonded by, or Affiliated
### With the United States or any State

42. Each and every allegation contained in paragraphs 1 through 41 of this Complaint is repeated, realleged and incorporated herein by reference.

43. FDCPA Section 807(1), 15 U.S.C. §1692e(1) provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State…**

44. The Defendants, through their use of the Notice, falsely represent or imply that CCS is vouched for or affiliated with the United States or a State in the following manner:

   a. Defendants capitalize upon the original creditor's identity, *i.e.* the Government Employees Insurance Company, to suggest to the recipient that CCS is somehow affiliated with the Government;

   b. Defendants' "warning" that "This notice and all further steps undertaken by this agency will be in compliance with applicable State and federal law(s)," falsely represents and creates the false impression CCS is an "agency" of the government and that they are operating under "State and Federal Law(s)."

45. Upon information and belief the Defendants routinely cause communications to be transmitted to consumers in the form of the Notice which, among other things, communicate misleading information of the type contained in the Notice.

46. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT II

### Violations of FDCPA
### Section 807(2), 15 U.S.C. § 1692e (2) by
### Falsely Representing the
### Character, Amount or Legal Status of any Debt

47. Each and every allegation contained in paragraphs 1 through 46 of this Complaint is repeated, realleged and incorporated herein by reference.

48. FDCPA Section 807(2), 15 U.S.C. §1692e(2) provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(2) The false representation of – (A) the character, amount, or legal status of any debt…**

49. Among other things, through the use and positioning of the words "WARNING NOTICE – WARNING NOTICE," the Defendants falsely represent the status of a debt to consumer and create in the consumer the false impression that consequences will result absent immediate payment.

50. Upon information and belief the defendants routinely cause communications to be transmitted to Consumers in the form of the Notice which, among other things, communicate misleading information of the type contained in the Notice.

51. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

# COUNT III

**Violations of FDCPA
Section 807(9), 15 U.S.C. § 1692e (9) by
Using or Distributing Written Communications which Simulate
Or are Falsely Represented to be Authorized, Issued or Approved
by an Official or Agency of the United States or any State or
Which Create a False Impression as to Their
Source, Authorization or Approval**

52. Each and every allegation contained in paragraphs 1 through 51 of this Complaint is repeated, realleged and incorporated herein by reference.

53. FDCPA Section 807(9), 15 U.S.C. §1692e(9) provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.**

54. The Defendants, through their use of the Notice, falsely represent or create the false impression that a governmental agency or official approved or authorized the use of the Notice.

55. Upon information and belief the Defendants routinely cause communications to be transmitted to consumers in the form of the Notice which, among other things, communicate misleading information of the type contained in the Notice.

56. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT IV

### Violations of FDCPA
### Section 807(10), 15 U.S.C. §1692e (10) by
### Use of Deception to Collect a Debt

57. Each and every allegation contained in paragraphs 1 through 56 of this Complaint is repeated, realleged and incorporated herein by reference.

58. FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

59. The acts and practices complained in this Complaint constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e (10).

60. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT V

### Violations of FDCPA
### Section 807(11), 15 U.S.C. §1692e(11) by
### Failing to Identify Communications
### as an Attempt by a Debt Collector to Collect a Debt

61. Each and every allegation contained in paragraphs 1 through 60 of this Complaint is repeated, realleged and incorporated herein by reference.

62. FDCPA Section 807(11), 15 U.S.C. 1692e(11), provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer… that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…**

63. The disclosure required by 15 U.S.C. 1692e (11), although contained in the Notice, is overshadowed by the Defendants' use of the introductory statement "WARNING NOTICE – WARNING NOTICE" and in other respects by virtue of the content of the Notice.

64. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VI

### Violations of FDCPA
### Section 808 , 15 U.S.C. 1692f by
### Use of Unfair or Unconscionable Means To Collect a Debt

65. Each and every allegation contained in paragraphs 1 through 64 of this Complaint is repeated, realleged and incorporated herein by reference.

66. FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

67. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

68. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VII

### Violations of FDCPA
### Section 809, 15 U.S.C. § 1692g by
### Failing to Effectively Provide a Debt Validation Notice
### And by Overshadowing the Consumer's Rights

69. Each and every allegation contained in paragraphs 1 through 68 of this Complaint is repeated, realleged and incorporated herein by reference.

70. FDCPA Sections 809, 15 U.S.C. § 1692g, requires effective communication to consumers by debt collectors of a "validation notice" which comports with the following:

> **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
> **(1) the amount of the debt;**
> **(2) the name of the creditor to whom the debt is owed;**
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
> **(b) …..Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

71. The Notice did not effectively convey the required Validation Notice.

72. Notwithstanding the inclusion within the Notice of language required by FDCPA Section 809(a), 15 U.S.C. § 1692g (a), the overall content of the Notice overshadows and is

inconsistent with the Consumer's rights to dispute the debt.

73. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## **DEMAND FOR RELIEF**

WHEREFORE, Sullivan asks that this Court enter judgment in his favor and in favor of the members of the Class and against the defendants, jointly and severally, as follows:

A) Awarding statutory damages pursuant to 15 U.S.C. § 1692k;

B) Awarding statutory damages pursuant to 15 U.S.C. § 1692j(b).

C) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. §1692(a)(3);

D) Declaring that the Notice violates the FDCPA; and

E) Granting such other and further relief this Court deems just and appropriate.

## **JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated:  Stamford, CT
             December 15, 2009

                        LEMBERG & ASSOCIATES L.L.C.
                        *Attorneys for Plaintiff*


                        By  /s/ Sergei Lemberg
                           Sergei Lemberg
                           1100 Summer Street, 3rd Floor
                           Stamford, CT 06905
                           Telephone: (203) 653-2250
                           Facsimile:  (877) 795-3666
                           B.B.O. No. 650671

.