**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES F. SULLIVAN, IN HIS OWN BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>  Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC.; CCS HOLDING BUSINESS TRUST; STEVEN SANDS; DAVID SANDS; AND DONNA RAMSDELL; EACH INDEPENDENTLY AND TOGETHER DOING BUSINESS AS CREDIT COLLECTION SERVICES,<br><br>  Defendants. | CIVIL ACTION NO. 4:09-CV-40220-FDS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Defendants, Credit Control Services, Inc., CCS Holdings Business Trust, Steven Sands, David Sands and Donna Sands (collectively "the CCS Defendants") hereby oppose Plaintiff's Motion for Reconsideration. The grounds for Plaintiff's motion are two-fold. First, Plaintiff asserts that the Court improperly determined that "Government Employees Insurance Company" is the creditor's formal name, and that the Court improperly assumed that CCS properly identified "Government Employees Insurance Company" as the creditor in its debt collection letter to the Plaintiff. Second, Plaintiff alleges that the Court improperly determined that the application of the "unsophisticated consumer" test to the language of a debt collection letter is a question of law.

Plaintiff's motion is both procedurally and substantively deficient. For the first time on reconsideration, Plaintiff raises arguments questioning whether "Government Employees Insurance Company" was the Plaintiff's proper creditor. These arguments were neither raised in

Plaintiff's Complaint nor in his Opposition to the CCS Defendants' Motion to Dismiss. Accordingly, Plaintiff is precluded from raising these arguments at such a belated stage in the litigation, and the Court is similarly precluded from considering these arguments on reconsideration. Notwithstanding the foregoing, Plaintiff's motion fails to assert any cognizable grounds for reconsideration. Specifically, Plaintiff has not demonstrated that the Court committed a manifest error of law or fact in reaching its decision. In fact, the Court issued a thorough and well-reasoned opinion which gave more than adequate consideration to all of the issues properly raised. Furthermore, Plaintiff fails to even assert the existence of newly discovered evidence which would otherwise merit reconsideration. Accordingly, Plaintiff's motion must be denied as a matter of law.

## I.   Statement of Relevant Facts

On December 18, 2009, Plaintiff filed his Complaint against the CCS Defendants (DE #1). Although he asserted a series of violations under the Fair Debt Collection Practices Act ("FDCPA"), the crux of Plaintiff's Complaint is that the CCS Defendants employed the use of a collection letter ("the Notice") which was otherwise false or misleading. Plaintiff particularly takes issue with the CCS Defendants use of the name "Government Employees Insurance Company" (as opposed to the acronym GEICO) to identify the creditor, its use of the phrase "Warning Notice", and its use of certain language which Plaintiff feels otherwise overshadows the requisite validation language of the Notice. (Plaintiff's Compl., *generally*). Conspicuously absent from Plaintiff's Complaint is any allegation that "Government Employees Insurance Company" was not the Plaintiff's creditor. In fact, Plaintiff states just the opposite, that "Government Employees Insurance Company" is the Plaintiff's creditor. Specifically, Plaintiff's Complaint alleges as follows:

34065487v1 0908123 00033

> Defendants capitalize upon the *original creditor's identity*, i.e. the Government Employees Insurance Company, to suggest to the recipient that CCS is somehow affiliated with the government.

(Plaintiff's Compl. ¶ 44(a), emphasis supplied).

In other words, although Plaintiff expressly admits that "Government Employees Insurance Company" is the proper creditor, he takes issue with the CCS Defendant's inclusion of its name in the Notice (as opposed to the acronym GEICO).

On February 10, 2010, the CCS Defendants filed their Motion to Dismiss Plaintiff's Complaint (DE #12). The CCS Defendant's motion was predicated upon the fact that the Notice complied with FDCPA regulations in all respects, admittedly contained all the statutory notices required by the FDCPA, did not improperly capitalize upon the creditor's name, and did not overshadow any of the notices contained within the letter. (*Id.*). Plaintiff filed his Opposition to the CCS Defendant's Motion to Dismiss on March 10, 2010 (DE #15). On October 4, 2010, the Court issued a well-reasoned and detailed opinion in which it granted the CCS Defendants' Motion to Dismiss (DE #18). The Court determined, among other findings, that Plaintiff's argument that the CCS Defendants' use of the name "Government Employees Insurance Company", as opposed to acronym "GEICO", was "without merit" because its use did not create the false impression that CCS was affiliated with the government (DE #18, p. 8). On October 20, 2010, Plaintiff filed his Motion for Reconsideration (DE # 21).

## II. Standard of Review

### A. Motion for Reconsideration

Reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it [ ] does not allow a party to … advance arguments that could and should have been presented to the district court prior to the judgment." *Aybar v. Crispin-Reyes*, 118 F.3d 10,

16 (1st Cir. 1997); *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Instead, reconsideration of a prior judgment is only appropriate when the moving party has made a "clear showing" that: (1) newly discovered evidence has come to light or (2) the court rendering judgment has committed a manifest error of fact or law. *Marie v. Allied Home Mortgage Corp.*, 402 F. 3d 1, 7, n. 2 (1st Cir. 2005); *Aybar*, 118 F. 3d 693 at 16. "It is very difficult to prevail on a rule 59(e)[1] motion for reconsideration", *Marie*, 402 F. 3d 1 at 7, n. 2, thus explaining why "such motions are 'extraordinary remedies which should be used sparingly'" *Gagne v. City of Worcester*, 564 F. Supp. 2d 81, 83 (D. Mass. 2004), *quoting* (11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 128 (2d Ed. 1995).

Additionally, "[e]xcept for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record." To do otherwise would defeat the compelling interest in the finality of litigation. *Aybar*, 118 F. 3d at 16. As the Court in *Aybar* noted:

> the district court drew an eminently reasonable inference from the evidence in the record and relied on that inference in making its findings of fact. That other evidence not in the record may negate the [d]istrict [c]ourt's inference is beside the point. Blessed now with the acuity of hindsight, appellants may now realize that they did not make their initial case as compelling as they might have, but they cannot charge the district court with responsibility for that failure through this Rule 52(b) motion.

---

[1] Plaintiff has moved for reconsideration under Fed.R.Civ.P. 52(b) and 59(e). Because of the close relationship of the two rules, reliance on one to the exclusion of the other is not significant. *National Metal Finishing Company, Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F. 2d 119, 123 (1st Cir. 1990). However, "[c]ircuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)". *See, e.g.*, *Rodriguez-Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir. 1989); *Appeal of Sun Pipe Line Company*, 831 F.2d 22, 24, (1st Cir. 1987). This is because "a Rule 52(b) motion seeks only the correction of findings or the finding of additional facts without the amendment of the judgment." *Rockland Trust Company v. Computer Associated International, Inc.*, 2008 WL 3824791 *1, *2 (D. Mass. Aug. 1, 2008) *citing* 9 Moore's Federal Practice § 52.60[3] (3d ed.).

4

*Aybar*, 118 F. 3d at 16, *citing Fontenot v. Mesa Petroleum Co.*, 791 F. 2d 1207, 1220 (5th Cir. 1986).

### III. Argument

    A.    The Court Cannot Consider Plaintiff's Argument that "Government Employees Insurance Company" is not the Proper Creditor or Properly Identified as Such in the Notice Since It Assumes a Position Contrary to the Allegations of Plaintiff's Complaint and was Not Adequately Raised by the Plaintiff

In his motion for reconsideration, Plaintiff argues that the Court erroneously concluded that "Government Employees Insurance Company" was: (1) Plaintiff's creditor, and (2) was properly identified as Plaintiff's creditor in the Notice. (DE # 21, p. 4). Plaintiff argues that the Court's conclusion was erroneous since it was unsupported by the record.

The foregoing arguments are novel ones not raised in Plaintiff's Complaint. The issue as to the identity of Plaintiff's creditor was never raised because Plaintiff expressly agreed that "Government Employees Insurance Company" was the original creditor, and based its arguments against the CCS Defendants on this express assumption. Specifically, Plaintiff alleges that:

> Defendants capitalize upon the *original creditor's identity*, i.e. the Government Employees Insurance Company, to suggest to the recipient that CCS is somehow affiliated with the government.

(Plaintiff's Compl., ¶ 44(a))(emphasis supplied). Additionally, in his Opposition to the CCS Defendants' Motion to Dismiss, Plaintiff never asserted the foregoing arguments in an effort to avoid dismissal of Counts II, IV, V VI and VII of the Complaint. Since Plaintiff initially took the position that "Government Employees Insurance Company" was his creditor, and made no allegation in his Complaint or in his Opposition to the CCS Defendants' Motion to Dismiss to the contrary, he is precluded as a matter of law from raising these arguments for the first time on motion for reconsideration. *See Iverson v. City of Boston*, 452 F. 3d 94, 104 (1st Cir. 2006) (affirming district court's refusal to address theory on motion for reconsideration which was

5

neither raised in plaintiff's Complaint nor in opposition to defendant's dispositive motion); *Tell v. Trs. of Dartmouth Coll.*, 145 F. 3d 417, 420 (1st Cir. 1998) ("The presentation of a previously unpled and undeveloped argument in a motion for reconsideration neither cures the original omission nor preserves the argument as a matter of right for appellate review").

> B. The Court's Dismissal of Counts I and III was Properly Based Upon the Record Evidence and Cannot be Vacated Simply Because Plaintiff is Dissatisfied with the Court's Judgment

As discussed *supra*, Plaintiff asserted in his Complaint that "Government Employees Insurance Company" was the original creditor. (Plaintiff's Compl., ¶ 44(a)). Additionally, the Notice, which was referenced in Plaintiff's Complaint and forms the entire basis for his claims, specifically identified "Government Employees Insurance Company" as the company to whom the associated debt pertains. The Court, taking these facts in conjunction with each other (DE #18, pp. 2-3, 8), properly determined that "Government Employees Insurance Company" was in fact the proper name of the Plaintiff's Creditor. Therefore, any assertion that the Court's decision was based upon evidence not in the record is simply without merit.

Plaintiff, albeit incorrectly[2], attempts to undermine the Court's factual findings by simply arguing that "Government Employees Insurance Company" is *probably* not the creditor." (DE # 21, p. 5). In support of his claim, Plaintiff provides the Court with the identities of additional GEICO subsidiaries that also do business under the umbrella of "Government Employees Insurance Company"; i.e. GEICO Corp., GEICO General Insurance Company, GEICO

---

[2] If it wishes, the CCS Defendants can provide the Court with evidence demonstrating that Government Employees Insurance Company is the Plaintiff's creditor, and not one of the other GEICO entities referenced in Plaintiff's motion.

Indemnity Company and GEICO Casualty Company[3]. These arguments were specifically raised by the Plaintiff in his Opposition to the CCS Defendants' Motion to Dismiss, <u>in defense of Counts I and III only</u>. These arguments, proffered by the Plaintiff without any supporting evidence, were considered by the Court in this limited respect, and subsequently rejected in favor of a finding that "Government Employees Insurance Company" was the Plaintiff's creditor. Under such circumstances, reconsideration is impermissible as a matter of law. *See Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 115 (D. Mass. 2010) ("In sum, Plaintiff is not entitled to another bite at the apple simply because the Court did not rule in his favor."); *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) ("A motion for reconsideration is not a means by which parties can rehash previously made arguments").

    C.    <u>The Court Properly Determined that the Application of the Unsophisticated Consumer Standard to the Language of a Debt Collection Letter is a Question of Law</u>

Plaintiff argues that the application of the unsophisticated consumer standard to the language of a debt collection letter is a question of fact which may not be resolved on a motion to dismiss. In support of his argument, Plaintiff draws exclusively upon caselaw from within the Seventh Circuit. *See, e.g.*, *McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006) ("how a particular notice affects its audience is a question of fact.") and cases cited. After marching through various Seventh Circuit precedent, Plaintiff baldly asserts that "having chosen the Seventh Circuit's 'unsophisticated consumer' standard we believe that the Court plainly erred in dismissing the Complaint as a matter of law." (DE #21, p. 13).

In short, Plaintiff argues that the Court's adoption of the "unsophisticated consumer" test mandates that it follow the Seventh Circuit's application of the same. Plaintiff's argument

---

[3]Other than referencing their existence, Plaintiff makes no attempt to demonstrate that one of these entities was the

betrays a fundamental misunderstanding not only of the "unsophisticated consumer" test itself, but also the Court's obligation to follow Seventh Circuit precedent.

A review of the caselaw interpreting application of the "unsophisticated consumer" test reveals that the majority view is that the determination of liability under the "unsophisticated consumer" test is a question of law for the Court. *See Wilson v. Quadramed Corporation*, 225 F. 3d 350, 353 n. 2 (3rd Cir. 2000) (agreeing with the majority that whether unsophisticated consumer would be confused by allegedly contradictory or overshadowing language is a question of law); *Duffy v. Landberg*, 215 F. 3d 871, 873-876 (8th Cir. 2000) (application of "unsophisticated consumer" test was a question of law appropriate for motion to dismiss); *Peak v. Southern & Allen*, 2010 WL 1729958 *1, *5 (E.D. Ark. Apr. 27, 2010) (whether debt collection letter violated 1692g under the "unsophisticated consumer" test was a question of law for the Court to decide); *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1066 (D. Minn. 2008) (same).

The First Circuit has not provided any guidance as to whether the "least sophisticated consumer" or "unsophisticated consumer" is the appropriate test for determining liability under the FDCPA, or the manner in which either test should be applied. *See Chiang v. Verizon New England, Inc.*, 595 F. 3d 26, 42 (1st Cir. 2010) ("we need not reach Chiang's argument that the use of the name "Verizon Massachusetts would deceive a consumer, unsophisticated or otherwise"). In the absence of controlling First Circuit authority, the Court was free to apply the "unsophisticated consumer" test in a manner consistent with that followed by the majority of courts. *See In re Kelly*, 312 B.R. 200, 206 (1st Cir. 2004) ("in the absence of controlling authority in this Circuit, the Bankruptcy Court was free to choose its own approach to evaluate

---

Plaintiff's creditor.

undue hardship"); *In re Fahrenz*, 2008 WL 4330312 *1, *1, *8 (Bankr. D. Mass. Sep. 17, 2008) (same). The Court's decision that application of the "unsophisticated consumer" test is especially appropriate since it adopts the more reasonable (and majority) approach to a determination of liability under the FDCPA. *See Gonzalez v. Kay*, 577 F. 3d 600, 611 (5th Cir. 2009) ("judges are historically capable of fairly applying objective standards to undisputed facts…Moreover, interpreting contracts, documents, letters, and statutes is the quintessential work of judges – not juries). (Jolly, J. dissenting). Therefore, the Court's application of the "unsophisticated consumer" test in the underlying matter did not constitute an error of law, and Plaintiff's Motion for Reconsideration must be denied.

## **IV.** **Conclusion**

Based upon the foregoing, the CCS Defendants respectfully request that Plaintiff's Motion for Reconsideration be denied as a matter of law, along with such other relief as this Court deems proper.

Respectfully submitted,
CREDIT CONTROL SERVICES, INC.; CCS
HOLDING BUSINESS TRUST; STEVEN SANDS;
DAVID SANDS; and DONNA RAMSDELL,
CREDIT COLLECTION SERVICES,
By Its Attorneys,

  */s/ Andrew M. Schneiderman*
David A. Grossbaum, Esq., BBO #546020
dgrossbaum@hinshawlaw.com
Andrew M. Schneiderman, Esq., BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110

Date:   November 3, 2010              Tel: 617-213-7000 / Fax: 617-213-7001

## **CERTIFICATE OF SERVICE**

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

34065487v1  0908123  00033