UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES F. SULLIVAN, on his own behalf and on behalf of others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) CREDIT CONTROL SERVICES, INC., ) CCS HOLDING BUSINESS TRUST, ) STEVEN SANDS, DAVID SANDS and ) DONNA RAMSDELL, each independently ) and together doing business as CREDIT ) COLLECTION SERVICES, ) ) Defendants. ) ) | Civil Action No. 09-40220-FDS |

# MEMORANDUM AND ORDER ON
# PLAINTIFF'S MOTION FOR RECONSIDERATION

**SAYLOR, J.**

Plaintiff's Motion for Reconsideration (Docket No. 20 ) is DENIED. To the extent that plaintiff contends that "Government Employees Insurance Company" is not the identity of plaintiff's creditor, it is contrary to the allegations of the complaint. The complaint specifically alleges that the "original creditor's identity" is the "Government Employees Insurance Company." Complaint, para. 44(a). Plaintiff's argument in opposition to the motion to dismiss merely suggested that it "seems unlikely" that the Government Employees Insurance Company was the creditor, as opposed to a related company with the acronym "GEICO" in the name,. Plaintiff did not, however, identify the actual creditor (if different) or disavow the specific allegation in the complaint. Pl. Opp. at 13-14. Plaintiff's present argument—that the Government Employees

Insurance Company is not, in fact, the actual creditor—is therefore improperly asserted for the first time on a motion for reconsideration.  *See Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006); *Tell v. Trustees of Dartmouth College*, 145 F.3d 417, 420 (1st Cir. 1998).  To the extent that plaintiff asserts that the "unsophisticated consumer" standard is subjective, rather than objective, and that the standard may not be applied by the Court as a matter of law, the motion is likewise denied.

**So Ordered.**

|  |  |
|---|---|
| Dated: April 8, 2011 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |